JEFFREY A. KOBULNICK - Bar No. 228299
MARK D. BRUTZKUS - Bar No. 128102
MICHAEL A. BERNET - Bar No. 306657
BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone:   (818) 827-9000
Facsimile:   (818) 827-9099
Email:       jkobulnick@bg.law
             mbrutzkus@bg.law
             mbernet@bg.law

Attorneys for Plaintiff,
**FASHION AVENUE SWEATER KNITS, LLC**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FASHION AVENUE SWEATER KNITS, LLC, a New York limited liability company,<br><br>              Plaintiff,<br><br>       v.<br><br>POOF APPAREL CORP. a New York corporation, ARDENE INTERNATIONAL INC. a Canadian corporation; ARDENE USA INC., a Delaware corporation, BOSCOV'S INC,, a Pennsylvania corporation; and DOES 1 through 10,<br><br>              Defendant. | Case No. 2:19-cv-6302<br><br>**COMPLAINT FOR:**<br><br>**(1) COPYRIGHT INFRINGEMENT;**<br><br>**(2) VICARIOUS COPYRIGHT INFRINGEMENT; AND**<br><br>**(3) CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br><br>**<u>Jury Trial Demanded</u>** |

Plaintiff FASHION AVENUE SWEATER KNITS, LLC, a New York limited liability company doing business as Fashion Avenue Knits ("Plaintiff"), by and through its attorneys, hereby allege as follows:

## <u>JURISDICTION AND VENUE</u>

1.    This is an action for copyright infringement arising under the Copyright Act of 1976, Title 17 U.S.C. §§ 101 *et seq.*

2.    This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

2146342/2440.003

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) of the related state law claims that are factually interdependent with the federal law claims, and that arise from the same case or controversy.

4. This Court has personal jurisdiction over Defendants in that they transact substantial business within the State of California.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(1) because Defendants have significant contacts within this judicial district.

6. Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the facts giving rise to the acts or omissions alleged herein took place within this judicial district.

7. Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391(c) because Defendants are subject to personal jurisdiction in this judicial district.

## THE PARTIES

8. Plaintiff FASHION AVENUE SWEATER KNITS, LLC ("hereinafter "Plaintiff") is a New York limited liability company with a principal place of business in New York, New York.

9. Plaintiff is informed and believes, and on that basis alleges, that POOF APPAREL CORP. (hereinafter "POOF") is a New York corporation having a principal place of business at 1466 Broadway, Suite 1503, New York, New York, and conducts business in and with the State of California.

10. Plaintiff is informed and believes, and on that basis alleges, that POOF has been a defendant in another copyright infringement case in this district, namely *Unicolors, Inc. v. Poof Apparel Corp., et al.*, Central District of California Case No. 17-cv-05484 RSWL (AS) and that POOF did not contest this Court's personal jurisdiction over it in that case.

11. Plaintiff is informed and believes, and on that basis alleges, that ARDENE INTERNATIONAL INC. (hereinafter "ARDENE CANADA") is a

2146342/2440.003

Canadian corporation having a principal place of business at 2575 Pitfield Blvd. Montreal, Quebec Canada, and conducts business in and with the state of California.

12.    Plaintiff is informed and believes, and on that basis alleges, that ARDENE USA INC. (hereinafter "ARDENE") is a Delaware corporation having a principal place of business at 2915 Ogletown Road, Suite 2284, Newark, Delaware 19713, and conducts business in and with the state of California.

13.    Plaintiff is informed and believes, and on that basis alleges, that BOSCOV'S, INC. (hereinafter "BOSCOV'S") is a Pennsylvania corporation having a principal place of business at 4500 Perkiomen Avenue in Reading, Pennsylvania, and conducts business in and with the State of California.

14.    Plaintiff is informed and believes, and on that basis alleges, that BOSCOV'S has been a defendant in another copyright infringement case in this district, namely *Unicolors, Inc. v. Poof Apparel Corp., et al.*, Central District of California Case No. 17-cv-05484 RSWL (AS) and that BOSCOV'S did not contest this Court's personal jurisdiction over it in that case.

15.    Plaintiff is ignorant of the true names of capacities of the defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will seek to amend this Complaint to allege such names and capacities as soon as they are ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously-named defendants are in some manner responsible, liable and/or obligated to Plaintiff in connection with the acts alleged herein.

16.    Plaintiff is informed and believes, and on that basis alleges, that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts

COMPLAINT

and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby. POOF, ADRDENE CANADA, ARDENE, BOSCOV'S, and DOES 1 through 10 shall sometimes be referred to herein collectively as "Defendants."

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

17.     Plaintiff, among other things, designs, manufactures, and sells apparel and related accessories.  Plaintiff owns the copyrights to numerous textile designs which it has used in the creation of Christmas themed sweaters and garments, including but not limited to the following seven designs (collectively the "Subject Designs"):[1]

| Design | Title | Style No. |
|---|---|---|
| Subject Design 1 | Don't Get Your Tinsel in a Tangle Cat | J68095F |
| Subject Design 2 | Mrs Claus Candy Kane Dress | J64758 |
| Subject Design 3 | Pugs & Kisses | J65701 and S67904 |
| Subject Design 4 | Meowy Christmas Cat | J65770 and S66362 |
| Subject Design 5 | Jingle Bells | J67664 and S66402TJ |
| Subject Design 6 | Sup Penguins | 16832 and J61169 |
| Subject Design 7 | Llama With Sunglasses | B61332 and B73758 |

18.     Prior to the acts complained of herein, Plaintiff widely disseminated garments, namely Christmas sweaters, bearing each of the Subject Designs to numerous parties in the fashion and apparel industries.

---

[1] Images of each of Plaintiff's Subject Designs are shown further below in side by side comparisons with Defendants' Accused Products.

4

COMPLAINT

2146342/2440.003

19.     Plaintiff is informed and believes, and on that basis alleges, that POOF is a vendor of apparel to ARDENE, ARDENE CANADA and BOSCOV'S, and that ARDENE, ARDENE CANADA and BOSCOV'S are customers of POOF.

20.     Plaintiff is informed and believes, and on that basis alleges, that ARDENE CANADA's business is the retail sales of consumer products, including but not limited to clothing and accessories via its stores worldwide, its website and other third party websites.  On information and belief, ARDENE CANADA also retails clothing products directly to the public over the internet throughout the United States, including substantial sales in and to the State of California.

21.     Plaintiff is informed and believes, and on that basis alleges, that ARDENE's business is the retail sales of consumer products, including but not limited to clothing and accessories via its stores worldwide, its website and other third party websites.  On information and belief, ARDENE also retails clothing products directly to the public over the internet throughout the United States, including substantial sales in and to the State of California.

22.     Plaintiff is informed and believes, and on that basis alleges, that BOSCOV'S business is the retail sales of consumer products, including but not limited to clothing and accessories via its stores worldwide, its website and other third party websites.  On information and belief, BOSCOV'S also retails clothing products directly to the public over the internet throughout the United States, including substantial sales in and to the State of California.

23.     Plaintiff is the owner of United States Copyright Registration No. VAu 1-307-735 for Subject Designs 1 through 5 above, which was registered on July 26, 2017.  A true and correct copy of that registration is attached hereto as **Exhibit 1**.

24.     Plaintiff's Copyright Registration No. VAu 1-307-735 is valid and subsisting and provides prima facie evidence of Plaintiff's ownership of and exclusive right to use Subject Designs 1 through 5.

5
COMPLAINT

25. Because Plaintiff registered the copyright to Subject Designs 1 through 5 within three months after the designs were first published, and before Defendants' infringement contained herein began, Plaintiff may elect an award of statutory damages and seek attorney fees as a prevailing party upon proving infringement of those five Subject Designs.

26. Plaintiff is the owner of United States Copyright Registration No. VA 2-150-695 for Subject Design 6 above, which was registered on May 2, 2019. A true and correct copy of that registration is attached hereto as **Exhibit 2**.

27. Plaintiff's Copyright Registration No. VA 2-150-695 is valid and subsisting and provides prima facie evidence of Plaintiff's ownership of and exclusive right to use Subject Design 6.

28. Plaintiff is the owner of United States Copyright Registration No. VA 2-158-952 for Subject Design 7 above, which was registered on July 15, 2019. A true and correct copy of publicly available records from the U.S. Copyright Office website reflecting that registration is attached hereto as **Exhibit 3**.

29. Plaintiff's Copyright Registration No. VA 2-158-952 is valid and subsisting and provides prima facie evidence of Plaintiff's ownership of and exclusive right to use Subject Design 7.

30. Subject Designs 1 through 7 each contain material wholly original with Plaintiff that are copyrightable subject matter under the laws of the United States, as evidenced by the issued copyright registrations for those Subject Designs

31. Plaintiff is informed and believes, and on that basis alleges, that following its distribution of all of the Subject Designs, Defendants advertised, offered for sale, distributed and/or sold garments featuring designs that are substantially similar and/or strikingly similar to Subject Designs (hereinafter "Accused Product Nos. 1 through 7"), without Plaintiff's authorization, which are or were available for purchase on Defendants' respective websites, and/or in their respective retail stores.

6

COMPLAINT

2146342/2440.003

32.    Representative images of the Subject Designs, and an exemplar of the Accused Products, are set forth in the tables below:

| Fashion Avenue Garment Subject Design No. 1 | Poof Apparel Garment Accused Product No. 1 |
|---|---|
|  |  |
| Copyright Registration: VAu 1-307-735 | |
| Fashion Avenue Garment Subject Design No. 2 | Poof Apparel Garment Accused Product No. 2 |
|  |  |
| Copyright Registration: VAu 1-307-735 | |

2146342/2440.003

| Fashion Avenue Garment Subject Design No. 3 | Poof Apparel Garment Accused Product No. 3 |
|---|---|
|  |  |
| Copyright Registration: VAu 1-307-735 | |
| **Fashion Avenue Garment Subject Design No. 4** | **Poof Apparel Garment Accused Product No. 4a** |
|  |  |
| Copyright Registration: VAu 1-307-735 | |

2146342/2440.003

| Fashion Avenue Garment Subject Design No. 4 | Ardene Garment Accused Product No. 4b |
|---|---|
|   FASHION AVENUE ORIGINAL STYLE #J65770 / S66362 |   ARDENE VERSION RN# 148061 |
| Copyright Registration: VAu 1-307-735 | |

| Fashion Avenue Garment Subject Design No. 5 | Poof Apparel Garment Accused Product No. 5 |
|---|---|
|   FASHION AVENUE ORIGINAL STYLE #566402TJ AND J67664 |   POOF VERSION RN# 116153 |
| Copyright Registration: VAu 1-307-735 | |

9

COMPLAINT

2146342/2440.003

| Fashion Avenue Garment Subject Design No. 6 | Ardene Garment Accused Product No. 6 |
|---|---|
|  FASHION AVENUE ORIGINAL STYLE #J61169 |  ARDENE VERSION RN# 148061  |
| Copyright Registration: VA 2-150-695 | |

| Fashion Avenue Garment Subject Design No. 7 | Poof Apparel Garment Accused Product No. 7 |
|---|---|
|  |  |
| Copyright Reg. No. VA 2-158-952 | |

2146342/2440.003

# FIRST CLAIM FOR RELIEF

## (Copyright Infringement – Against All Defendants)

33.     Plaintiff repeats, re-alleges and hereby incorporates by reference, as though specifically pleaded herein, the allegations contained in the paragraphs above.

34.     Plaintiff is the owner of all exclusive rights, including the copyright, in and to the Subject Designs as set forth above.

35.     Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, had access to each of the Subject Designs prior to and/or contemporaneously with the misconduct alleged herein.

36.     Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, created, made, developed, advertised, distributed, offered to sell and/or sold garments featuring a design that is substantially similar and/or strikingly similar to one or more of the Subject Designs.

37.     Plaintiff is informed and believes, and thereon alleges, that POOF sold Accused Products 4 and 6 to ARDENE and/or ARDENE CANADA.

38.     Plaintiff is informed and believes, and thereon alleges, that POOF sold Accused Product Nos. 1, 2, 3 and 5 to BOSCOV'S.

39.     Due to Defendants' acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

40.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of the Subject Designs.

41.     Accordingly, Plaintiff is entitled to disgorgement of Defendants' profits attributable to the infringement of the Subject Design in an amount to be established at trial.

42.     Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, have committed copyright infringement of the Subject Designs with

11
COMPLAINT

actual or constructive knowledge of Plaintiff's rights such, and that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

43.    Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c) with respect to infringed Subject Design Nos, 1, 2, 3, 4 and 5 as they were registered with U.S. Copyright Office within three months of their first publication and prior to each of the acts of infringement alleged herein.

44.    Accordingly, in the event that Plaintiff elects statutory damages, Defendants, and each of them, are subject to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) for infringement of each of the Subject Design Nos. 1, 2 ,3, 4 and 5 ($750,000.00).

45.    Defendants' infringing activities have caused, and will continue to cause, irreparable harm to Plaintiff's reputation and business in an amount that is not presently ascertainable.  Plaintiff is without an adequate remedy at law to prevent the wrongful acts and irreparable harm herein set forth, and Plaintiff's injuries will increase unless such activities are enjoined by this Court and Defendants are required to recall and destroy all of the infringing garments described herein.

## SECOND CLAIM FOR RELIEF

### (Vicarious Copyright Infringement – Against All Defendants)

46.    Plaintiff repeats, re-alleges and hereby incorporates by reference, as though specifically pleaded herein, the allegations contained in the paragraphs above.

47.    Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct, and because they had a direct financial interest in the sales and distributions of the infringing garments.

48.    By reason of Defendants' acts of vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its

COMPLAINT

business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

49. By reason of Defendants' acts of vicarious infringement as alleged above, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Designs.

50. Accordingly, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Designs, in an amount to be established at trial.

51. Plaintiff is informed and believes, and based thereon alleges, that Defendants' acts of vicarious infringement as alleged herein were willful and deliberate.

52. Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c) with respect to the infringed Subject Design Nos. 1, 2 ,3 4 and 5 as they were registered with U.S. Copyright Office within three months of its first publication and prior to each of the acts of infringement alleged herein.

53. Accordingly, in the event that Plaintiff elects statutory damages, Defendants, and each of them, are subject to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) for infringement of each of the Subject Design Nos. 1, 2 ,3, 4 and 5 ($750,000.00).

54. Defendants' vicarious infringing activities have caused, and will continue to cause, irreparable harm to Plaintiff's reputation and business in an amount that is not presently ascertainable. Plaintiff is without an adequate remedy at law to prevent the wrongful acts and irreparable harm herein set forth, and Plaintiff's injuries will increase unless such activities are enjoined by this Court and Defendants are required to recall and destroy all of the infringing garments described herein.

COMPLAINT

## THIRD CLAIM FOR RELIEF

### (Contributory Copyright Infringement – Against All Defendants)

### (Against All Defendants)

55.     Plaintiff repeats, re-alleges and hereby incorporates by reference, as though specifically pleaded herein, the allegations contained in the paragraphs above.

56.     Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, knowingly induced, participated in, aided in, and profited from the illegal reproduction of the Subject Designs and/or subsequent sales of the infringing garments, as alleged above.

57.     By Defendants' unauthorized duplication of the Subject Designs, and/or creation of designs that are substantially similar and/or strikingly similar thereto, and by their offering and accepting for sale and sales of infringing garments, Defendants, and each of them, have contributorily infringed Plaintiff's copyrights to the Subject Designs.

58.     By reason of the acts of Defendants alleged herein, Plaintiff has suffered actual damages in an amount subject to proof at trial.

59.     Due to Defendants' acts of contributory copyright infringement, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringements of the Subject Designs.

60.     Pursuant to the Copyright Act, Plaintiff is entitled to disgorgement of Defendants' profits attributable to Defendants' infringements of the Subject Designs in an amount subject to proof at trial.

61.     Plaintiff is informed and believes, and based thereon alleges, that Defendants' acts of contributory infringement as alleged herein were willful and deliberate.

62.     Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c) with respect to the infringed Subject Design Nos. 1, 2, 3, 4 and 5 as they were

COMPLAINT

2146342/2440.003

registered with U.S. Copyright Office within three months of their first publication and prior to each of the acts of infringement alleged herein.

63. Accordingly, in the event that Plaintiff elects statutory damages, Defendants, and each of them, are subject to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) for each of the Subject Design Nos. 1, 2, 3, 4 and 5 ($750,000.00).

64. By reason of Defendants' acts of contributory infringement as alleged herein, Plaintiff is without adequate remedy at law to prevent the wrongful acts of Defendants herein set forth, and said acts of Defendants have resulted and will result in irreparable damage to Plaintiff unless Defendants' acts of infringement are enjoined by this Court.

65. Defendants' contributory infringing activities have caused, and will continue to cause, irreparable harm to Plaintiff's reputation and business in an amount that is not presently ascertainable. Plaintiff is without an adequate remedy at law to prevent the wrongful acts and irreparable harm herein set forth, and Plaintiff's injuries will increase unless such activities are enjoined by this Court and Defendants are required to recall and destroy all of the infringing garments described herein.

## **PRAYER**

**WHEREFORE**, Plaintiff prays for relief against Defendants, and each of them, as follows:

1. For a preliminary injunction restraining Defendants and their agents, servants, employees, and all persons acting under, in concert with, or for them, from using the Subject Designs or any design which is substantially similar thereto for any purpose, including but not limited to, manufacturing, distributing, promoting and/or selling fabrics and/or garments that infringe Plaintiff's copyrights to the Subject Designs;

2146342/2440.003

2. For a permanent injunction restraining Defendants and their agents, servants, employees, and all persons acting under, in concert with, or for them, from using the Subject Designs or any design which is substantially similar thereto for any purpose, including but not limited to, manufacturing, distributing, promoting and/or selling fabrics and/or garments that infringe Plaintiff's copyrights to the Subject Designs;

3. For an Order directing Defendants to account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the acts of infringement described herein;

4. For recovery of Plaintiff's actual damages plus Defendants' profits attributable to Defendants' acts of infringement as alleged herein, in an amount subject to proof at trial; or, if elected, maximum statutory damages as available under the Copyright Act;

5. For attorneys' fees and costs as a prevailing party under Section 505 of the Copyright Act with respect to infringed Subject Designs 1 through 5;

6. For pre-judgment interest; and

7. For such further legal and equitable relief as the Court deems just and proper.

Dated: July 22, 2019

BRUTZKUS GUBNER

By: /s/ Jeffrey A. Kobulnick
JEFFREY A. KOBULNICK
MARK D. BRUTZKUS
MICHAEL A. BERNET
Attorneys for Plaintiff,
FASHION AVENUE SWEATER
KNITS, LLC

16
COMPLAINT

2146342/2440.003

## DEMAND FOR JURY TRIAL

FASHION AVENUE SWEATER KNITS, LLC hereby demands a trial by jury for all issues so triable in this action.


Dated: July 22, 2019            BRUTZKUS GUBNER


By: /s/ Jeffrey A. Kobulnick
     JEFFREY A. KOBULNICK
     MARK D. BRUTZKUS
     MICHAEL A. BERNET
Attorneys for Plaintiff,
FASHION AVENUE SWEATER
KNITS, LLC

17

COMPLAINT

2146342/2440.003

# EXHIBIT 1

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Karyn Temple Claggett*

Acting United States Register of Copyrights and Director

**Registration Number**

## VAu 1-307-735

**Effective Date of Registration:**
July 26, 2017

## Title

**Title of Work:**   Christmas 2017

## Completion/Publication

**Year of Completion:**   2017

## Author

- **Author:**   Fashion Avenue Knits
  **Author Created:**   2-D artwork
  **Work made for hire:**   Yes
  **Domiciled in:**   United States

## Copyright Claimant

**Copyright Claimant:**   Fashion Avenue Knits
525 7th Avenue, New York, NY, 10018, United States

## Rights and Permissions

**Organization Name:**   Sheppard Mullin
**Name:**   Laura Chapman
**Email:**   lchapman@sheppardmullin.com
**Telephone:**   (415)774-3215
**Address:**   4 Embarcadero Center
San Francisco, CA 94111 United States

## Certification

**Name:**   Laura Chapman
**Date:**   July 26, 2017

Page 1 of 2

**Copyright Office notes:**    Basis for Registration: Unpublished Collection

# EXHIBIT 2

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Kary A. Tingle*

United States Register of Copyrights and Director



**Registration Number**

## VA 2-150-695

**Effective Date of Registration:**
May 02, 2019

## Title

| | |
|---|---|
| **Title of Work:** | SUP PENGUINS Style No. 16832 |

## Completion/Publication

| | |
|---|---|
| **Year of Completion:** | 2017 |
| **Date of 1st Publication:** | March 15, 2017 |
| **Nation of 1st Publication:** | United States |

## Author

| | |
|---|---|
| • **Author:** | Fashion Avenue Knits |
| **Author Created:** | 2-D artwork |
| **Work made for hire:** | Yes |
| **Domiciled in:** | United States |

## Copyright Claimant

| | |
|---|---|
| **Copyright Claimant:** | Fashion Avenue Knits |
| | 525 Seventh Avenue, Suite 400, New York, NY, 10018, United States |

## Rights and Permissions

| | |
|---|---|
| **Organization Name:** | Brutzkus Gubner Rozansky Seror Weber LLP |
| **Name:** | Jeffrey A. Kobulnick |
| **Email:** | jkobulnick@bg.law |
| **Telephone:** | (818)827-9000 |
| **Address:** | 21650 Oxnard Street |
| | Suite 500 |
| | Woodland Hills, CA 91367 United States |

## Certification

|  |  |
|---|---|
| **Name:** | Ronald Hollandsworth |
| **Date:** | May 02, 2019 |
| **Applicant's Tracking Number:** | 2440.008 |

**Copyright Office notes:**    Basis for Registration: Pictorial and graphic features identified separately from and capable of existing independently of the utilitarian aspects of a useful article.

**Registration #:**  VA0002150695
**Service Request #:**  1-7640274881



Brutzkus Gubner Rozansky Seror Weber LLP
Jeffrey A. Kobulnick
21650 Oxnard Street
Suite 500
Woodland HIlls, CA 91367 United States

# EXHIBIT 3





# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Name = Fashion Avenue Knits
Search Results: Displaying 2 of 4 entries



**Labeled View**

### *LLAMA WITH SUNGLASSES Style No. B16332.*

|  |  |
|---|---|
| **Type of Work:** | Visual Material |
| **Registration Number / Date:** | VA0002158952 / 2019-07-15 |
| **Application Title:** | LLAMA WITH SUNGLASSES Style No. B16332. |
| **Title:** | LLAMA WITH SUNGLASSES Style No. B16332. |
| **Description:** | Electronic file (eService) |
| **Copyright Claimant:** | Fashion Avenue Knits. Address: 525 Seventh Avenue, Suite 400, New York, NY, 10018, United States. |
| **Date of Creation:** | 2015 |
| **Date of Publication:** | 2015-11-01 |
| **Nation of First Publication:** | United States |
| **Authorship on Application:** | Fashion Avenue Knits, employer for hire; Citizenship: United States. Authorship: 2-D artwork. |
| **Rights and Permissions:** | Jeffrey A. Kobulnick, Brutzkus Gubner Rozansky Seror Weber LLP, 21650 Oxnard Street, Suite 500, Woodland Hills, CA, 91367, United States, (818) 827-9000, (818) 827-9060, jkobulnick@bg.law |
| **Copyright Note:** | Basis for Registration: Pictorial and graphic features identified separately from and capable of existing independently of the utilitarian aspects of a useful article. |
| **Names:** | Fashion Avenue Knits |

| **Save, Print and Email (Help Page)** |
|---|
| Select Download Format [Full Record ∨] [Format for Print/Save] |
| Enter your email address: [_____] [Email] |

Help   Search   History   Titles   Start Over

Contact Us  |  Request Copies  |  Get a Search Estimate  |  Frequently Asked Questions (FAQs) about Copyright  |
Copyright Office Home Page  |  Library of Congress Home Page